# CRIMINAL COURT OF BALTIMORE CITY.

Filed December 3, 1894.

STATE

VS.

WILLIAM CASEY.

*Ruddell & Wickes* for traverser.

*Wm. F. Campbell, John C. Rose* and *Chas. J. Bonaparte* for State.

HARLAN, C. J.—

The traverser was indicted for violating the Act of 1894, Chapter 310, known as the lottery law. The fourth count of the indictment alleges that "the said William Casey on the 11th day of October, 1894, unlawfully did have in his possession a slip of lottery tickets; he, the said William Casey, at the said time, he so, then, had the said slip of lottery tickets in his possession, not having the same, then and there in his possession for the purpose of procuring or furnishing evidence of the violation of any provisions of law relating to lotteries; contrary to the form of the Act of Assembly,"

&c. To this Court the traverser pleaded specially "that although he had possession of the said slips mentioned in the indictment, yet that he was not guilty because he was no way connected with the sale of lottery tickets nor engaged in any way in lottery business, nor did he have said slip for the purpose of aiding or abetting in any way in the sale of lottery tickets or policy certificates, nor did he intend to use it for any unlawful purpose," &c.

To this plea the State demurred, and my brother Dennis and myself, before whom the argument on the demurrer was had, are clearly of the opinion, after consideration and an examination of the authorities cited, that the demurrer should be sustained. It is manifest, even if the facts alleged in the plea could constitute a good defense to the charge in the indictment, that the plea would be bad as amounting to the general issue; but apart from this, in our judgment, the plea does not set out any facts, which if proved, would entitle the traverser to an acquittal.